IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD D REICHART, : | |
|     Plaintiff : | |
| : | CIVIL NO. 1:CV-11-1992 |
| v. : | |
| : | (Judge Caldwell) |
| PRISON HEALTH SERVICES, SCI- : | |
| CAMP HILL, *et al.*, : | |
|     Defendants : | |

M E M O R A N D U M

I.   *Introduction*

On October 26, 2011, Richard D. Reichart, a state inmate formerly housed at SCI-Camp Hill, in Camp Hill, Pennsylvania, filed this civil-rights action.[1] Reichart alleges a prison physician advised him that he had cataracts in both eyes and needed corrective surgery. (Doc. 1, Compl.) An ophthalmologist from Premiere Eyelab Group performed "catarac (sic) surgery that went bad, [and now Reichart is] completely blind in [his] left eye from this eye surgery." *Id*. at p. 2. The court has interpreted Reichart's claim as one of deliberate indifference to a serious medical need. Named as defendants are two entities: (1) Prison Health Services (PHS), the contract medical care provider at SCI-Camp Hill; and (2) Premier Eyelab Group (Premiere Eye Care),[2] employer of the surgeon who removed the cataract from Reichart's left eye at one of their facilities.

Presently before the court are defendants' separate motions to dismiss. Also pending is Reichart's Motion to file an Amended Complaint. (Doc. 31). For the reasons

---

[1] Reichart is presently housed at SCI-Houtzdale, in Houtzdale, Pennsylvania.

[2] The proper name of this defendant is Premier Eye Care Group. (*See* Doc. 12, Waiver of Service).

the follow, the court will dismiss the claims against PHS and Premiere Eye Care but grant Reichart's motion to file an amended complaint.

II.   *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). This inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n. 8, 127 S.Ct. 1955, 1969 n. 8, 167 L.Ed.2d 929 (2007). Instead, the court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556, 127 S.Ct. at 1966. A court may consider documents attached to the complaint if they form the basis of the plaintiff's claim. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010) (nonprecedential) (quoted case

omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted). In deciding a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).

With these principles in mind, we set forth the background to this litigation.

III. *Background*

While housed at SCI-Camp Hill, Reichart put in a "sick slip" to see the eye doctor "for some reading glasses." (Doc. 1 at ECF p. 2).[3] He was seen by an "eye doctor" at SCI-Camp Hill in June and advised that he had cataracts in both eyes and needed surgery. *Id*. Reichart was "sent out" of SCI-Camp Hill on August 15, 2011, to Premiere Eye Care "for cataract surgery that went bad, [he is] now completely blind in [his] left eye from this eye surgery." *Id*.

---

[3] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

As relief, Reichart seeks a consultation with an outside eye professional to get a "second opinion" as to the status of the vision in his left eye. He also seeks compensatory and punitive damages from PHS and Premiere Eye Care. *Id*. at p. 3.

IV. *Discussion*

        A. *PHS' Motion to Dismiss Based on Reichart's alleged Failure to Exhaust his Administrative Remedies.*

Section 1997e(a) prohibits a prisoner from filing a lawsuit under section 1983 "or any other Federal law" concerning prison conditions until he has exhausted his "available" administrative remedies. 42 U.S.C.A. § 1997e(a). Exhaustion must be "proper," meaning the inmate must comply with all the procedural steps the state requires, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 93, 126 S.Ct. 2378, 2385-86, 2387, 165 L.Ed.2d 368 (2006).

PHS asserts that Reichart has not fully exhausted his administrative remedies as to the claims he presents in this lawsuit. In his Amended Complaint, Reichart indicates that he has exhausted his administrative remedies as to all claims. Although plaintiff does not specifically name PHS in his grievance papers that he filed as "evidentiary paperwork in his case" (Doc. 29), Reichart is clearly questioning the medical care he is receiving for his eyes, including whether he should be referred to ophthalmic specialists other than Premiere Eye Care. Such matters would be in the discretion of the contract health-care providers at SCI-Camp Hill, which is PHS. Furthermore, contrary to PHS' assertion, Reichart does not need to establish, in his Amended Complaint, that "he has pursued his grievance through final review" pursuant to the Department of Corrections' Inmate Grievance System. *See* Doc. 33 at p. 7. An inmate's failure to exhaust under the

-4-

PLRA is an affirmative defense that must be pled and proven by defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Id.* It is unknown if Reichart filed other grievances related to the ophthalmic pre-operative or post-operative care while at SCI-Camp Hill, or that his rejected institutional grievances were not pursued, or overturned at final review. Accordingly, while PHS may ultimately be able to prove that Reichart has failed to exhaust his available administrative remedies, they have not carried their burden as to that defense at this point.

> B.   *Defendants' Motions to Dismiss*

To state a section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. *See Miller V. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010).

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (*citing Rode*). Liability may not be imposed under § 1983 on the traditional standards of *respondeat superior*. *Rode*, 845 F.2d at 1207-08. A doctor under contract to a state to provide medical services to prisoners is considered to be acting under color of state law, *West v. Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250, 2258, 101 L.Ed.2d 40, 53 (1988), and the principles just mentioned apply in that context as well.

*Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995).

A Section 1983 claim based on a violation of the Eighth Amendment's prohibition of unnecessary and wanton infliction of pain arises where prison officials and doctors exhibit deliberate indifference to serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale,* 318 F.3d at 582; *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3rd Cir. 1999).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). If inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. *See id.* In sum, negligence,[4] unsuccessful medical treatment, or medical malpractice do not give rise

---

[4] If plaintiff sought to raise a claim of medical malpractice against a physician, Pennsylvania
(continued...)

to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  *Id.*

A private corporation, such as PHS and Premiere Eye Care, may be sued under § 1983 for actions taken under color of state law that deprive a prisoner of adequate medical care.  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  However, neither PHS nor Premiere Eye Care can be held responsible for the acts of its employees under a theory of *respondeat superior*.  *See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 2035-38, 56 L.Ed.2d 611 (1978); *see also Afdahl v. Cancellierie,* 463 F. App'x 104, 109 (3d Cir. 2012) (nonprecedential) .  Instead, to establish liability against PHS or Premiere Eye Care, Reichart must demonstrate that he suffered a violation of his federal rights because of a PHS or Premiere Eye Care policy, practice, or custom.  *See Natale*, 318 F.3d at 583-84; *see also C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005).

Although Reichart has sufficiently pled an Eighth Amendment claim generally, he has not adequately alleged the personal involvement of any individual employee of PHS or Premiere Eye Care in the deprivation of care that lead to the blindness in his left eye. Likewise, the Complaint fails to allege an unconstitutional policy, or a series of events from which this court could infer the existence of a PHS or Premiere Eye Care policy that resulted in a constitutional violation.  Accordingly, the claims against PHS and Premiere Eye Care fail to state a claim.

---

[4](...continued)
law, Pa. R. C. P. 1042.3(a)(1), requires the filing of a certificate of merit (COM) in all professional negligence claims filed in federal court.  *See Booker v. U.S.*, 366 F. App'x 425 (3d Cir. 2010) (nonprecedential) .

Although Reichart's Complaint fails to state a cause of action against PHS or Premiere Eye Care in its present form, it is possible that the identified deficiencies may be remedied by amendment. In fact, in lieu of responding to the defendants' motions to dismiss, Reichart has sought allowance to file an amended complaint. *See* Doc. 31, Mot. to Amend. Accordingly, Reichart will be granted twenty-one days to file an amended complaint. If Reichart decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Reichart is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Reichart is also directed that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be sufficiently specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 343, 129 S.Ct. at 1948-49. If he wishes to name PHS and/or Premiere Eye Care, he must set forth specific facts showing that they had a policy or custom that caused his injuries. He shall also specify the relief he seeks with regard to each claim. Reichart's failure to file an appropriate amended

complaint within the required time will result in the dismissal of this action.

       We will issue an appropriate order.


                                /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: June 26, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD D REICHART,<br>　　Plaintiff<br><br>　　v.<br><br>PRISON HEALTH SERVICES, SCI-<br>CAMP HILL, *et al.*,<br>　　Defendants | :<br>:<br>:　CIVIL NO. 1:CV-11-1992<br>:<br>:　(Judge Caldwell)<br>:<br>:<br>:<br>: |

*O R D E R*

　　　AND NOW, this 26th day of June, 2012, in accordance with the accompanying memorandum, it is ORDERED that:

　　　1. Premier Eye Care Group's Motion to Dismiss (Doc. 26) is GRANTED.

　　　2. Prison Health Service's Motion to Dismiss (Doc. 32) is GRANTED.

　　　3. Reichart's Motion to file an Amended Complaint (Doc. 31) is GRANTED.

　　　4. Plaintiff is granted twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the foregoing Memorandum.

　　　5. The amended complaint must be complete in all respects and must be a new pleading which stands by itself, without reference to the original complaint already filed.

　　　6. Failure to submit an amended complaint in compliance with the requirements of the accompanying Memorandum will result in dismissal of this action without prejudice.

    7.  The Clerk of Court is directed to send Plaintiff two (2) copies of this Court's form civil-rights complaint which Plaintiff shall use for his amended complaint should he chose to file one.

                               /s/ William W. Caldwell  
                               William W. Caldwell  
                               United States District Judge